UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GULOTTA, | : |
| Plaintiff, | : CIVIL ACTION |
| vs. | : |
| | : No.: 17-cv- |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | : |
| Defendant. | : |

The Plaintiff, JOHN GULOTTA ("GULOTTA"), by and through the undersigned counsel, hereby sues the Defendant, Life Insurance Company of North America ("CIGNA") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. GULOTTA was at all times relevant a plan participant under the Quest Diagnostics, Inc. Group Plan; Long-term Disability Group Policy Number FLK0980031

(the "Plan").

3. Defendant, CIGNA, is a Corporation with its principal place of business in the Commonwealth of Pennsylvania.

4. CIGNA is the insurer of benefits under the Plan and acted in the capacity of a claims administrator. As the decision maker and payor of plan benefits, CIGNA administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. The Plan is an employee welfare benefit plan regulated by ERISA, established for employees of Quest Diagnostics, under which GULOTTA was a participant, and pursuant to which GULOTTA is entitled to long-term disability benefits. Pursuant to the terms and conditions of the Plan, GULOTTA is entitled to disability benefits for the duration of the Plaintiff's long-term disability, for so long as GULOTTA remains disabled as required under the terms and conditions of the plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that CIGNA is domiciled and licensed to transact business within the Commonwealth of Pennsylvania. Moreover, at all material times hereto GULOTTA both lived and was employed within the Commonwealth of Pennsylvania.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7. GULOTTA incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, GULOTTA was an employee or former employee of Quest Diagnostics, and a plan participant under the terms and conditions of the Plan.

9. During the course of GULOTTA's employment, GULOTTA became

2

entitled to benefits under the terms and conditions of the Plan. Specifically, while GULOTTA was covered under the Plan he suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering him disabled as defined under the terms of the Plan.

10. As it relates to GULOTTA's current claim for benefits, the long-term disability coverage portion of the Plan defines disability as:

> "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified or based on education, training or experienced; and
> 2. unable to earn 60% or more of his or her Indexed Earnings."

11. Due to restrictions and limitations arising from a physical "sickness", resulting in "disability" from his occupation as a Collections Coordinator, GULOTTA made a claim to CIGNA for benefits under the Plan beginning June 2016.

12. On or about June 29, 2017, CIGNA notified GULOTTA that it was denying his application for long-term disability benefits.

13. On or about July 25, 2017, GULOTTA timely submitted his first mandatory appeal of CIGNA's adverse benefit determinations.

14. On or about September 12, 2017, CIGNA affirmed its adverse determination and upheld its decision to deny GULOTTA's long-term disability benefits.

15. The LTD Plan offered either a voluntary second appeal to Cigna's Appeal Review Unit or the right to file suit under ERISA Sec. 502(a).

16. GULOTTA has fully complied with filing all mandatory administrative appeals required under the Plan, and exercised the first level appeal of his long-term disability claim.

17. CIGNA breached the Plan and violated ERISA in the following respects:

   a. Failing to pay long-term disability benefits to GULOTTA at a time when CIGNA and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as GULOTTA was disabled and unable to work and therefore entitled to benefits.

   b. After GULOTTA's claim was denied in whole or in part, CIGNA failed to adequately describe to GULOTTA any additional material or information necessary for GULOTTA to perfect his claim along with an explanation of why such material is or was necessary.

   c. CIGNA failed to properly and adequately investigate the merits of GULOTTA's disability claim and failed to provide a full and fair review of GULOTTA's claims.

18. GULOTTA believes and alleges that CIGNA wrongfully denied his claim for long-term disability benefits under the Plan, by other acts or omissions of which GULOTTA is presently unaware, but which may be discovered in this future litigation and which GULOTTA will immediately make CIGNA aware of once said acts or omissions are discovered by GULOTTA.

19. As a proximate result of the aforementioned wrongful conduct of CIGNA under the Plan, GULOTTA has damages for loss of disability benefits which continues through the present and is anticipated to continue into the foreseeable future.

20. As a further direct and proximate result of this improper determination regarding GULOTTA's claim for benefits, GULOTTA, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), GULOTTA is entitled to have such fees and costs paid by CIGNA.

4

21.     The wrongful conduct of CIGNA has created uncertainty where none should exist; therefore, GULOTTA is entitled to enforce his rights under the terms of the Plan and to clarify his right to future benefits under the Plan.

### REQUEST FOR RELIEF

WHEREFORE, JOHN GULOTTA prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1.      Payment of long-term disability benefits due Plaintiff;

2.      An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3.      In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.      Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.      Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN, MOSS, SNYDER & BLEEFELD, LLP

_____
Marc H. Snyder, Esquire
Kellyanne Inservo, Esquire
Attorneys for Plaintiff,
John Gulotta

5